IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GERRY MALLORY**                                                                                       **PLAINTIFF**

VERSUS                                                                           CASE No. 2:25-CV-10-KS-BWR

**CITY OF HATTIESBURG,**
**INTELLISAFE, INC., ANNA RUSH,**
**STEVEN ADAMSON, ELIZABETH PORTER,**
**CHIEF HARDY SIMS, JOHN DOES 1-10 and**
**ACME COMPANIES 1-10**                                                                **DEFENDANTS**

---

**DEFENDANTS' REBUTTAL IN SUPPORT**
**OF F.R.C.P. 12(b)(6) MOTION TO DISMISS**

---

Defendants file this Rebuttal in Support of their F.R.C.P. 12(b)(6) Motion to Dismiss and further state:

**I.     Plaintiff lacks standing because he has no causally related injury.**

1. As set forth in the subject motion, Mallory received a ticket in the mail, which he voluntarily paid. Defendants have sought dismissal because Mallory sustained no constitutional injury caused by Defendants due to his failure to utilize the procedures provided to contest the citation.

2. While Mallory has attempted to distinguish *Stubbs v. City of Center Point*, he has not cited any authority, with similar facts, where a court has found a claim stated when a plaintiff elects to pay a ticket. Moreover, in attempting to distinguish *Stubbs*, Mallory concedes the facts of this case are even more favorable to dismissal, as he acknowledges that City of Hattiesburg has a functional municipal court, whereas the City of Centerpoint, Alabama was alleged to not have such a court.

3. Mallory's argument that the citation misleadingly induced him to pay the ticket by noting the consequences of failing to pair is unavailing. As set forth in the subject motion, and as support by the documentation attached to the Complaint, Mallory was clearly informed of his right to contest the ticket. Citations such as this do not offend due process:

> Concern over the threatened consequences of refusing to pay fines would lead an individual to take action, **either by paying the fine or by requesting a hearing. Paying the fine, therefore, is not the only available response to the allegedly false statements. Because the citation clearly states how to obtain a hearing, and both the citation and the overdue notice include telephone numbers to call for more information, the potential penalties, even if misleading, do not violate procedural due process.**

*Herrada v. City of Detroit*, 275 F.3d 553, 559 (6th Cir. 2001); *see also Gradisher v. Cnty. of Muskegon*, 255 F. Supp. 2d 720, 730 (W.D. Mich. 2003), *aff'd,* 108 Fed. Appx. 388 (6th Cir. 2004)(unpublished)(stating, "[e]ven if the Court were to conclude that the notices contained false or misleading statements, the Court would still conclude that Plaintiffs have failed to allege a due process violation because the notices were reasonably calculated to inform Plaintiffs of the allegations against them and provided a means for responding to the allegations."); See also *Bivens v. Salt Lake City Corp.*, 416 P.3d 338, 346 (Utah 2017)(stating, "But to the extent the notice did contain misleading information about penalties, those misleading statements do not rise to the level of a due process violation because **they did not sow confusion about the plaintiffs' right to contest their parking tickets at a hearing**.")

4. The Tenth Circuit, in citing both the Sixth and Seventh Circuit, similarly found that a ticket that advised a party of the right to contest the ticket passed constitutional muster, despite claims that the ticket misleadingly induced payment of the ticket. See *Rector v. City and Cnty. of Denver*, 348 F.3d 935, 948 (10th Cir. 2003), stating :

2

>In addressing substantially the same issues, two other circuits have reached similar conclusions. In *Horn*, the Seventh Circuit overturned the district court's holding that Chicago's notices for parking fines violated procedural due process standards. 860 F.2d at 700. Chicago's notices stated that late fees would be assessed against delinquent recipients, threatened further legal action for non payment, and provided only a phone number for "additional information about this notice" (containing no language about challenging the ticket). *Id.* at 701–02. Despite the paucity of notice, the Seventh Circuit held that because ticket recipients were not deprived of an essential service, were warned about the maximum fines allowed under law, and were provided with a phone number for further information, federal due process standards were satisfied. *Id.* at 704–05. Similarly, despite noting some potential defects in Detroit's parking tickets, the Sixth Circuit held that no due process rights were violated because **"the citation clearly states that a hearing is available to contest the City's allegation that the vehicle owner committed a parking violation."** *Herrada,* 275 F.3d at 557 (internal citations omitted). We concur with these holdings, and find that because Denver's tickets clearly notified recipients of the nature of the action and amount in contest, the demands of constitutional due process were satisfied.

5. As set forth in Mallory's responsive brief on page 8, he claims:

>…Plaintiff would instead focus this argument on the fact that the Defendants are deeming Purported violators guilty, prior to a hearing, thereby depriving them of their constitutional right…Intellisafe intentional misrepresents to the Purported Violators that: 1) the Citation is already "due and owing" despite the fact that the Purported Violators have yet to attend a hearing, whether it be before an actual court of competent jurisdiction or a fack date with the Defendant Intellisafe

This is the exact same argument rejected by the Seventh Circuit in *Horn*:

>Essentially, plaintiffs alleged that the defendants deprived them of due process of law in violation of 42 U.S.C. § 1983 by misrepresenting that plaintiffs owed fines, penalties, and court costs when no judgment had ever been entered against them[3] in the traffic division of the circuit court.
>
>\*\*\*
>
>We agree with these courts that the demand notices were "reasonably certain to inform those affected," *Mullane,* 339 U.S. at 315, 70 S.Ct. at 657, that they could contest the amounts demanded.

3

> We do not think that the notices implied that judgment had already been entered against plaintiffs, and that they therefore had no opportunity for "some kind of hearing." *Wolff v. McDonnell,* 418 U.S. 539, 577–78, 94 S.Ct. 2963, 2985, 41 L.Ed.2d 935 (1974). The language of the notices specifically referred to *future* actions the city might take, including seeking the entry of a default judgment. Any doubts could have been resolved by contacting the Department of Revenue at the number or address listed. In light of the particular circumstances of this case, including plaintiffs' repeated refusals to appear or pay,[10] we hold that the notice of an opportunity for hearing was constitutionally sufficient.[11] The judgment of the district court is therefore Reversed and its order directing the city to provide hearings to plaintiffs is Vacated.

*Horn v. City of Chicago*, 860 F.2d 700, 702, 705 (7th Cir. 1988).

6. Again, the citation at issue in this case clearly informed Mallory of the right to contest the citation. The citation informed Mallory that he might "appear before the Court (Justice/Municipal) to answer the charge on the 23 day of Sep. 2024 at 1:00 at the Court's Physical Address 701 James Street, Hattiesburg, MS 39401." Doc. 1-4. The citation provided Mallory with three options to address the citation, which included the option to "Contest this Citation by visiting www.CourtPayOnline.com or calling (855) 910-1558." *Id.* The footnote also informed Mallory that "you have a right to a trial if you so desire." *Id.* Similarly, on the Frequently Asked Questions website [Doc. 1-2], it unequivocally states "Can I contest this citation in Court? Yes, your Court Date is listed on your citation. If you require assistance or further explanation, then please call our Help Desk (855) 910-1558." As with the cases above, the citation and information provided to Mallory informed him of his right to challenge the citation and a phone number for more information.

7. Mallory has not distinguished *Garcia v. City of Willis*, 593 S.W.3d 201, 207–08 (Tex. 2019), cited by the Defendants to demonstrate that Mallory's voluntary payment resulted in

4

a generalized grievance, resulting in no individualized interest that would support injunctive relief, as he does not have any personal stake in the future application of the ordinance.

8. The Court should dismiss this case because Mallory lacks standing due to his voluntary payment of the ticket,

## II. The claims against Hattiesburg's prosecutors are barred by absolute immunity and qualified immunity.

9. Defendants have moved for dismissal of the Defendant prosecutors because their future potential actions, as alleged, would be wholly within their prosecutorial functions and shielded with absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273(1993); *Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976). Notably, the Complaint fails to allege that any of the prosecutors took any action against Mallory prior to the filing of the subject lawsuit. The Complaint and response merely allege an abstract claim that prosecutors prosecute cases that may be issued by the camera-aided ticketing system.

10. In response, Plaintiff argues that "the prosecutors know they cannot prosecute Purported Violators who receive Citations and which there is no evidence to identify who was driving at the time of the infraction." Brief at 15. However, Mallory points to no area of the Complaint that sets forth facts that support a viable claim for such a scenario. Indeed, Plaintiff has cited no authority, under similar circumstances, where a prosecutor has been found liable for a constitutional violation where a plaintiff voluntarily makes payment on a ticket through no actual action by a prosecutor. In fact, Mallory does not reference his Complaint in any way in this section of his responsive brief.

11. Mallory has not alleged any action by the prosecutor Defendants that were outside the course and scope of their normal functions and not shielded with qualified immunity.

12. Alternatively, Plaintiff has not shown that any action of any prosecutor was unreasonable and not subject to qualified immunity. Plaintiff has not alleged a violation of a clearly established constitutional right under similar circumstances.

### III. The claims against Chief Hardy Sims are barred by qualified immunity.

13. Chief Hardy Sims should be dismissed based on qualified immunity.

14. While Mallory's response alleges that Sims should be liable based on his actions related to creating a policy, Mallory has not identified or referenced any specific factual provision in the Complaint that contains factual averments stating how Chief Sims' conduct violated a constitutional right. At most, he is alleged to have been the chief of police during a period of time in which City of Hattiesburg entered into a contract with Intellisafe for the usage of a technologically assisted ticketing system. Doc. 1 at ¶ 3.

15. Mallory has not pled and cannot show how Chief Sims violated a clearly established constitutional right, entitling Chief Sims to dismissal.

### IV. The Complaint fails to state a claim.

16. Defendants have provided the Court with numerous citations to authorities dismissing similar cases with similar facts.

17. While Plaintiff has attempted to distinguish these cases, he has not set forth any authority whereby similar facts have been found to state a claim. On the contrary, the numerous authorities previously cited stand for the holding that a citation which informs a citizen that they have a right to contest the citation by trial satisfies due process requirements. Notably, Mallory has taken no effort to distinguish the recent decision by Mississippi Federal District Judge Ozerden, who found that similar allegations failed to state a claim for procedural due process. *Divine, et al. v. Securix, LLC*. 1:23-cv-196 HSO-BWR. Judge Ozerden, in examining a similar

automated system, found that the notice and opportunity that were given under the same system that is at issue here was sufficient to satisfy procedural due process requirements. *Divine, et al. v. Securix, LLC*. 1:23-cv-196 HSO-BWR (S.D. Miss.) Doc. 20 at 22-23:

> The Court concurs with Defendant on the merits of Plaintiffs' procedural due process claims. Under the foregoing authority, the Court finds the notice provided to each Plaintiff was reasonably calculated under the circumstances to apprise each of them of their alleged violation of Mississippi law, the failure to maintain insurance, and of the potential pendency of a proceeding against them. *See* Ex. [1- 1], Ex. [1-2], Ex. [1-3]. Each Plaintiff was afforded an opportunity to choose among three options to respond to the alleged violations, one of which included appearing in court to contest them. *See id.* And each Plaintiff made their own decision about how to respond. Plaintiff Divine chose to pay $100 of the total $300 Diversion Program fee, Mr. Merchant paid the entire $300 fee, and Mr. Jones did not pay any amount toward the fee. Even so, none of them have had their driver's license suspended or revoked. Resp. [16] at 2. In fact, "no state court proceeding has been brought against any Plaintiff." *Id.*
>
> As to the sufficiency of the notice provided, two Plaintiffs received their notices by mail with adequate time to respond. Mr. Merchant received his notice approximately one month before his scheduled court date, and Mr. Jones received his notice approximately one week before. *See* Compl. [1] at 11-13. The Court recognizes that Ms. Divine received her mail notice the same day as her court date, giving her little or no time to respond. *See* Compl. [1] at 9-10. But Defendant had no control over the speed at which mail was delivered, was not in a position to know when Ms. Divine's notice arrived, and ultimately, was entitled to assume the notice was delivered timely by the Postal Service. And in any event, because "the failure of notice in a specific case does not establish the inadequacy of the attempted notice[,]" and because "the constitutionality of a particular procedure for notice is assessed ex ante, rather than post hoc[,]" Ms. Divine's individual experience is insufficient, standing alone, to establish a due process violation. *Jones v. Flowers*, 547 U.S. 220, 231 (2006).
>
> Plaintiffs also claim that the court dates listed in the mail notices were never "filed with a court, so there is no actual court date." *See* Compl. at 6. But this undercuts Plaintiffs' insufficient-notice argument. Assuming the court dates provided in fact had not been set, this means that Plaintiffs actually had more time to prepare for their eventual hearings in court than they originally believed. This is insufficient to establish a due process violation, and the Court finds that Defendant's Motion [10] should be granted as to each Plaintiff's federal due process claim.

7

18. Additionally, Mallory has not distinguished Defendants' authorities supporting dismissal of the equal protection claim. Defendants have moved for dismissal because Mallory has not stated a claim. He has not shown how he was treated differently or that he is a member of a protected class. *Holden v. Perkins*, 398 F. Supp. 3d 16, 25 (E.D. La. 2019)(collecting authorities).

19. Mallory has not cited any case support a violation of the right to equal protection under factually similar circumstances.

WHEREFORE all claims against these Defendants should be dismissed pursuant to F.R.C.P. 12(b)(6).

RESPECTFULLY SUBMITTED, this the 15th day of May, 2025.

/s/ Lane Dossett
R. LANE DOSSETT (MSB NO. 102927)
*Attorney for Defendants*

HICKS LAW FIRM, PLLC
211 South 29th Avenue, Suite 201 (39401)
Post Office Box 18350
Hattiesburg, MS  39404-8350
Telephone:    601.544.6770
Facsimile:    601.544.6775
Email: Lane@hicksattorneys.com

## CERTIFICATE OF SERVICE

I, undersigned counsel, do hereby certify that I have this date forwarded a true and correct copy of the above foregoing via United States Mail, first class, postage prepaid, facsimile and/or electronic mail under F.R.C.P. 5(b) to all parties of record.

This the 15th day of May, 2025.

/s/ Lane Dossett
R. LANE DOSSETT (MSB NO. 102927)
*Attorney for Defendants*